IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.                                                    CRIMINAL ACTION NO.   3:08-00259

JAMEL CHAWLONE BROWN

MEMORANDUM OPINION AND ORDER

On April 21, 2021, Defendant Jamel Chawlone Brown filed a Motion for Appointment of
Counsel. ECF No. 153. The Court granted that Motion and directed briefing on his request for a
reduction in sentence. ECF No. 154. After considering the pleadings, the Court **DENIES** the
request for a reduction in sentence.

I. FACTUAL BACKGROUND

On December 3, 2008, Defendant was charged in a four-count indictment with the
following offenses: possession with intent to distribute oxycodone, felon in possession of a
firearm, possession of a firearm with an obliterated serial number, and carrying a firearm in relation
to a drug trafficking crime. *See* Indictment, ECF No. 14. On June 29, 2009, Defendant pled guilty
to Count I of the Indictment, possession with intent to distribute oxycodone in violation of 18
U.S.C. § 841(a)(1), pursuant to a written plea agreement. *See* Plea Agreement, ECF No. 57.

A Presentence Investigation Report ("PSR") was prepared to aid the Court at sentencing.
ECF No. 81. For United States Sentencing Guidelines ("Guidelines" or "U.S.S.G") calculation
purposes, the amount of oxycodone was converted to its marijuana equivalent, which was 123.28
kilograms of marijuana, resulting in a base offense level of 26. *Id*. at 5. The probation officer
recommended a two-level enhancement under U.S.S.G. § 2D1.1(b)(1) for the loaded handgun with

an obliterated serial number recovered from Defendant's vehicle upon arrest. *Id*. at 6. The probation officer also recommended a two-level enhancement pursuant to U.S.S.G. § 3C1.1, for Defendant's attempt to impede justice by trying to bribe another individual to claim ownership of the handgun. *Id.* at 7. The probation officer further recommended that Defendant not receive the downward adjustment for acceptance of responsibility. *Id*. The two, two-level enhancements elevated the offense level to 30. *Id.* Additionally, the probation officer recommended that Defendant be classified as a career offender, which increased the total offense level to 34. *Id*. at 7. When combined with the career-offender-mandated criminal history category VI, Defendant's advisory Guidelines range was 262 to 327 months in prison. U.S.S.G. Manual ch. 5, pt. A (U.S. Sent'g Comm'n 2008). At sentencing, Defendant stipulated to his prior convictions and did not contest the career offender designation. *See* Sentencing Tr. at 5-6, ECF No. 95.

This Court sustained Defendant's objection to the firearm enhancement. *Id*. at 12. It also found that the obstruction enhancement was mooted by the application of the career offender guideline and that the three-level decrease for acceptance of responsibility was applicable, which brought his total offense level to 31 with a criminal history category of VI. *Id*. at 8-9. Accordingly, the Guidelines range for a base offense level of 31 and criminal history category of VI was 188 to 225 months. U.S.S.G. ch. 5, pt. A. The Court also granted Defendant's motion for a downward variance, reducing the offense level to 29, which was two levels lower than required by the career offender offense level, because the enhancement was, in part, based on a prior conviction for possession with intent to deliver marijuana which resulted only in a 50-day sentence. Sentencing Tr. at 22-23. Ultimately, this resulted in a Guidelines range of 151 to 188 months in prison. The Court sentenced Defendant to 169 months in prison with a six-year term of supervised release.

Judgment Order at 2-3, ECF No. 82. Defendant appealed this sentence, but the Fourth Circuit dismissed his appeal. ECF Nos. 85, 97.

Defendant has filed many successive motions for relief. On February 11, 2011, Defendant filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set, aside, or correct his sentence. ECF No. 101. This Court denied that Motion. ECF No. 110. Defendant appealed this denial and sought authorization to file a second § 2255 motion, relying on *Johnson*, which found that the residual clause of the Armed Career Criminal Act ("ACCA") was unconstitutionally vague. ECF No. 112; *Johnson v. United States*, 576 U.S. 591 (2015). The Fourth Circuit denied that request, concluding that, "even after *Johnson*, Brown still has the necessary predicate convictions to support his career offender status." Order, ECF No. 122.

On August 7, 2020, Defendant filed a Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) based on COVID-19 concerns. ECF No. 129. The Court denied this Motion on August 11, 2020. ECF No. 130. Defendant also filed a Motion for Reconsideration which was denied by this Court. ECF No. 131, 143. On April 21, 2021, this Court granted Defendant's motion to be appointed counsel and directed briefing on his request for a reduction in sentence pursuant to § 3582(c)(1)(A)(i). ECF No. 154. On July 28, 2021, Defendant filed a Memorandum in Support of Request for Sentence Reduction for Extraordinary and Compelling Reasons. ECF No. 160. Defendant has also filed two supplemental memoranda in support. ECF Nos. 163, 164. The Government filed its response on September 10, 2021. ECF No. 165. Defendant replied on September 15, 2021. ECF No. 166. The matter is ripe.

## II. LEGAL STANDARD

"Generally, a court 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Wirising*, 943 F.3d 175, 179 (4th Cir. 2019), *as amended* (Nov. 21, 2019) (quoting

18 U.S.C. § 3582(c)). However, there are many exceptions to this rule. In 1984, Congress created a mechanism for federal inmates to seek what is now known as "compassionate release" under 18 U.S.C. § 3582(c)(1)(A). In 2018, through the passage of the First Step Act, Congress partially amended the compassionate release-statute. *See* First Step Act, Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239-40 (2018). If a prisoner has exhausted his administrative remedies, Section 3582(c) allows for a court to reduce the defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)]," if the Court finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A) (2018).

To grant an inmate's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), the court must (1) find that extraordinary and compelling reasons warrant a sentence reduction, and (2) consider the relevant 18 U.S.C. § 3553(a) sentencing factors. 18 U.S.C. § 3582(c)(1)(A). When analyzing "extraordinary and compelling" reasons, "[t]he district court enjoy[s] broad discretion…." *United States v. Kibble*, 992 F.3d 326, 330 (4th Cir. 2021). The United States Court of Appeals for the Fourth Circuit determined that district courts may take a more individualized approach regarding whether "extraordinary and compelling" reasons are established. *United States v. McCoy*, 981 F.3d 271, 287 (4th Cir. 2020). Reductions based on extraordinary and compelling reasons must be "consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

### III. ANALYSIS

A. Exhaustion

As a preliminary matter, Defendant appears to have exhausted his administrative remedies. He filed an inmate request for a reduction in sentence on March 26, 2021. *See* ECF No. 153-1. This request was denied by the warden on April 7, 2021. *See id.* Moreover, the Government has

not raised it as an issue, and "[b]ecause the [administrative exhaustion] requirement is not jurisdictional, it may be waived or forfeited." *United States v. Muhammad*, 16 F.4th 126, 130 (4th Cir. 2021).

B. Extraordinary and Compelling Reasons

Defendant argues that extraordinary and compelling circumstances exist because: (1) if Brown were sentenced today, he would not be classified as a career offender and would face a much shorter sentence and; (2) his record while incarcerated demonstrates that he has pursued opportunities for rehabilitation and education. Def.'s Mem. in Supp. at 6, ECF No. 160. The Government argues that his prior offenses still subject him to the career offender enhancement today, and, alternatively, that his change in career offender status does not constitute ordinary and compelling reasons. *See e.g.*, Govt.'s Resp., ECF No. 165.

1. Career Offender Designation

To even consider whether extraordinary and compelling reasons exist, this Court must first determine that, if sentenced today, the career offender enhancement would not apply to Defendant. Under the Sentencing Guidelines, a convicted defendant will receive an enhanced sentence if the defendant is a "career offender." U.S.S.G. § 4B1.1. A career offender is a defendant: (1) who is "at least eighteen years old at the time the defendant committed the instant offense of conviction"; (2) whose instant offense is "a felony that is either a crime of violence or a controlled substance offense"; and (3) who "has at least two prior felony convictions of either a *crime of violence* or a controlled substance offense." *Id.* at § 4B1.1(a) (emphasis supplied). The Guidelines, in § 4B1.2(a), define "crime of violence" as:

> [A]ny offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—

(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

(2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c).

*Id.* at § 4B1.2(a).

The Supreme Court's consideration of the meaning of the phrase "physical force" as used in the ACCA's definition of "violent felony" serves as guidance for interpreting the Guidelines' career offender provision. *See United States v. Montes-Flores*, 736 F.3d 357, 363 (4th Cir. 2013). Congress did not define physical force. But, in *Johnson*, the Supreme Court defined it as "force exerted by and through concrete bodies" as opposed to "intellectual force or emotional force." *Johnson*, 559 U.S. at 138. "In the context of a statutory definition of '*violent* felony,' the phrase 'physical force' means '*violent* force.'" *Id.* at 140. Violent force is that which is "capable of causing physical pain or injury to another person. *Id.* at 140-41. "De minimis physical force, such as mere offensive touching, is insufficient to trigger the ACCA's force clause because it is not violent." *United States v. Middleton*, 883 F.3d 485, 489 (4th Cir. 2018).

In determining whether a prior conviction qualifies as a crime of violence, courts must employ a "categorical approach." *Taylor v. United States*, 495 U.S. 575, 588, (1990) ("[T]he enhancement provision always has embodied a categorical approach to the designation of predicate offenses"); *see also Descamps v. United States*, 570 U.S. 254, 261 (2013). The categorical approach focuses on the elements, rather than the facts, of the prior offense, and sentencing courts applying the categorical approach must look at how the law underlying the conviction defines the offense, not how the defendant's particular conduct constituted an offense on a particular occasion. *United States v. Dozier,* 848 F.3d 180, 183 (4th Cir. 2017). The question becomes whether the full

range of conduct covered by the statutory definition of the state crime, including the most innocent conduct, would qualify as a crime of violence for purposes of § 4B1.2(a). *See United States v. Shell,* 789 F.3d 335, 339 (4th Cir. 2015) (citation and quotations omitted). If it is evident, after comparing the state statute and § 4B1.2(a), that some violations of the statute are "crimes of violence" and some violations are not, then the state offense is deemed "categorically overbroad" and § 4B1.2 does not apply. *Id.* (citation and quotations omitted). Where the prior state conviction is categorically overbroad, it cannot constitute a predicate crime of violence for purposes of § 4B1.1's career offender enhancement, and the enhancement cannot be applied.

 *a. Felonious Assault*

 Defendant was charged with felonious assault in Michigan on March 8, 2000, for which he was later convicted and sentenced to four years. PSR at 7-8. At the time of Defendant's offense conduct, Michigan's felonious assault statute stated: "any person who assaults another person with a gun, revolver, pistol, knife, iron bar, club, brass knuckles, or other dangerous weapon without intending to commit murder or to inflict great bodily harm less than murder is guilty of" felonious assault. Mich. Comp. Laws § 750.82 (2000).

 As discussed by the Sixth Circuit, the Michigan felonious assault statute qualifies as a crime of violence under the Guidelines. The statutory language, "reframed as elements, requires '(1) an assault, (2) with a dangerous weapon, and (3) with the intent to injure or place the victim in reasonable apprehension of an immediate battery." *United States v. Harris*, 853 F.3d 318, 320-21 (6th Cir. 2017) (quoting *People v. Jackson*, 790 N.W. 2d 340, 343 n.2 (Mich. 2010) (emphasis and quotation omitted). In its examination of the state crime, the Sixth Circuit noted that the assault "must consist of attempted battery or 'an act that would cause a reasonable person to fear or apprehend an immediate battery,' and that the defendant must have intended to injure or cause fear

of immediate battery." *Id*. at 321 (quoting *People v. Micsak*, No. 308317, 2013 WL 275906, at \*2 (Mich. Ct. App. Jan. 24, 2013)). "A battery, in this context, is a forceful or violent touching, which Michigan defines as any use of physical force against another person so as to harm or embarrass that person." *Id*. (internal citation and quotation marks omitted). It also noted that "a dangerous weapon is "any object that is used in a way that is likely to cause serious physical injury or death." *Id*. (quoting *People v. Davis*, No. 234898, 2002 WL 31117043, at \*2 (Mich. Ct. App. Sept. 24, 2002)) (citing *People v. Goolsby*, 279 N.W. 867, 869 (Mich. 1938)). "Taken together, these elements entail 'the use, attempted use, or threatened use of physical force' under the federal Sentencing Guidelines." *Id*. (quoting U.S.S.G. § 4B1.2(a)). Because "Michigan's felonious assault statute obliges a jury to find at least attempted or threatened offensive touching *and* use of a dangerous weapon…. those two elements together add up to violent force, and thus to a crime of violence." *Id*. at 320. This Court agrees with the Sixth Circuit's interpretation of the Michigan statute and concludes that the felonious assault statute would constitute a qualifying crime of violence for the purposes of the career offender enhancement today.

### b. Armed Robbery

Defendant was also convicted of armed robbery in Michigan in 2000, which served as an underlying crime of violence for the career offender enhancement. PSR at 7. At the time Brown was convicted, Michigan law provided that:

> "Any person who shall assault another and shall feloniously rob, steal, and take from his person, or in his presence any money or other property, which may be the subject of larceny, such robber being, armed with a dangerous weapon… shall be guilty of a felony…."

Mich. Comp. Laws § 750.529 (2000).

Under U.S.S.G. § 4B1.2(a)(2) robbery is an enumerated offense in the Guidelines as a crime of violence. Also, it qualifies as a crime of violence under the elements clause of the

Guidelines. "Restated as elements, Michigan armed robbery is "(1) an assault, (2) a felonious taking of property from the victim's presence or person, (3) while the defendant is armed with a weapon described in the statute." *Reliford v. United States*, 773 F. App'x 248, 251-52 (6th Cir. 2019) (citing *People v. Carines*, 597 N.W.2d 130, 135 (Mich. 1999). Like Reliford, Defendant argues here, that, because, under Michigan law an assault can be committed by threat of a mere offensive touching, it does not require the violent force necessary to be a crime of violence. *Id*. at 252 (citing *People v. Jones*, 504 N.W.2d 158, 160 (Mich. 1993); *People v. Terry*, 553 N.W.2d 23, 25 (Mich. 1996) (per curiam)). The Sixth Circuit found this argument unavailing, noting that it had "recently held that the assault element [of Michigan's unarmed robbery statute] necessarily involved the use, attempted use, or threatened use of physical force." *Id*. (citing *Chaney v. United States*, 917 F.3d 895, 900-04 (6th Cir. 2019). In *Reliford*, the Sixth Circuit summarized *Chaney's* holding:

> [A]lthough Michigan assault may criminalize the threat of mere offensive touching, the assault element of unarmed robbery requires more than that. This is because unlike a conviction for plain assault or battery, in which the offensive or embarrassing touching is itself the crime, in an unarmed robbery, that same harmless touch would somehow have to deprive the victim of property. One can imagine a robbery involving an offensive or embarrassing touch coupled with a threat—implicit or otherwise—of harm for noncompliance. But it strains the imagination to think someone could steal property through an offensive or embarrassing touch alone.

*Id*. (internal citations and quotation marks omitted). Moreover, it noted that the distinctions in the armed robbery statute and the unarmed robbery statute did not change its conclusion that the crime was one of violence. *See id*. ("If an unarmed robbery committed by assault satisfies the ACCA's elements clause, an armed robbery committed by assault must as well. *See People v. Chamblis*, 395 Mich. 408, 236 N.W.2d 473 (1975), *overruled on other grounds by People v. Cornell*, 466 Mich. 335, 646 N.W.2d 127 (2002) (unarmed robbery is just "armed robbery [a]bsent the element

-9-

of use of a weapon")).[1] This Court agrees with the Sixth Circuit's analysis and finds that the Michigan armed robbery is also a qualifying crime of violence for the career offender designation.

*c. Possession with Intent to Distribute Marijuana*

As a final matter, the Court notes that Defendant's 2007 Michigan conviction for possession with intent to distribute marijuana, a Schedule I controlled substance, was designated as a career offender predicate because it was a controlled substance offense. PSR at 7-8. As Defendant concedes, the "conviction still counts as a controlled substance offense under U.S.S.G. § 4B1.2(b)." *See* Def.'s Mem. at 12. While he may not have been prosecuted for the offense today, the fact remains that he was prosecuted, and that the offense validly counts as a prior conviction for the purposes of a career offender designation.

Here then, the career offender enhancement would likely apply to Defendant even if sentenced today. The two convictions for felonious assault and armed robbery continue to be qualifying "crimes of violence" for the purposes of the career offender enhancement. Similarly, Defendant's conviction for possession with intent to distribute remains a qualifying controlled substance offense. Thus, the Court cannot find an intervening change in law that would seriously impact Defendant's sentence and be sufficient to constitute extraordinary and compelling reasons.[2]

## IV. CONCLUSION

For the foregoing reasons the Court **DENIES** Defendant's Request for a Reduction in Sentence.

---

[1] Again, the evaluation of whether a crime constitutes a crime of violence under the Guidelines can rely on precedents under the ACCA because the two terms have ben defined in a manner that is substantively identical. *Montes-Flores*, 736 F.3d at 363.

[2] Because the Court has not found extraordinary and compelling circumstances, it will not consider the 3553(a) factors.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel and the Defendant, the Unites States Attorney's Office, the United States Probation Office, and the United States Marshals Service.

ENTER:     April 13, 2022

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE