IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.   CRIMINAL ACTION NO. 3:08-00259

JAMEL CHAWLONE BROWN

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Motion for a Reduction in Sentence Pursuant to 18 U.S.C. § 3582 ("Def.'s Mot."). ECF No. 176. Upon review, the Court **DENIES** the motion.

## BACKGROUND

In December 2008, the Government indicted Defendant Jamel Brown on four counts: (1) possession with intent to distribute oxycodone, (2) felon in possession of a firearm, (3) possession of a firearm with an obliterated serial number, and (4) carrying a firearm in relation to a drug trafficking crime. *See* Indictment, ECF No. 14. In June 2009, Mr. Brown pled guilty to Count I—possession with intent to distribute oxycodone in violation of 18 U.S.C. § 841(a)(1). *See* Plea Agreement, ECF No. 57. At sentencing, the Court found Mr. Brown "clearly" qualified for the career offender provisions under the Sentencing Guidelines based on his prior convictions. Sentencing Transcript at 8:15, ECF No. 95. These include felonious assault, Presentence Report ¶ 30, ECF No. 81, armed robbery, *see id.* ¶ 31, and possession with intent to deliver marijuana, *see id.* ¶ 32. Ultimately, the Court sentenced Mr. Brown to 169 months of imprisonment followed by a term of supervised release of six years. *See* Judgment at 2–3, ECF No. 100.

## LEGAL STANDARD

Under 18 U.S.C. § 3852, a court may reduce a defendant's sentence if the court finds

"extraordinary and compelling reasons warrant such a reduction." To grant an inmate's motion for compassionate release under § 3582, the court must (1) find extraordinary and compelling reasons warrant a sentence reduction and (2) consider the relevant 18 U.S.C. § 3553(a) sentencing factors. *See United States v. Van Harris*, 2022 WL 468182, at *2 (S.D. W. Va. Feb. 15, 2022). What qualifies as "extraordinary and compelling" is left to the "broad discretion" of the district court. *United States v. Kibble*, 992 F.3d 326, 330 (4th Cir. 2021). Still, compassionate release is "an extraordinary and rare event." *Van Harris*, 2022 WL 468182 at *2 (quoting *United States v. Mangarella*, 2020 WL 1291835, at *2–*3 (W.D.N.C. Mar. 16, 2020)).

## ANALYSIS

Defendant presses four arguments for compassionate release. Def.'s Mot. at 1. *First*, Mr. Brown argues he would not be classified as a career offender if sentenced today. *See id.* at 2–3, 6–7. *Second*, he argues COVID-19 poses a special danger. *See id.* at 11–13. *Third*, Mr. Brown stresses his relative youth at the time he was sentenced. *See id.* at 17. *Finally*, he argues he completed several opportunities for rehabilitation and education. *See id.* at 2, 17. None persuade.

**I.    Career Offender Status**

Mr. Brown argues if he were sentenced today, he would not face an "overly harsh sentence based on a career offending finding." Def.'s Mot. at 6. The Court disagrees. In its previous order denying compassionate release, this Court rejected a similar argument. *See* ECF No. 167 at 10. The Court finds no reason to deviate from its prior ruling. *See United States v. Bailey*, 2022 WL 3354770, at *4 (S.D. W. Va. Aug. 12, 2022) ("Inasmuch as [Defendant] has simply reasserted these same grounds—without additional evidence—as reasons warranting compassionate release, the court continues to find them neither extraordinary nor compelling). Mr. Brown's sentences for felonious assault, armed robbery, and possession with intent to distribute marijuana remain

predicate offenses for a career offender status. *See United States v. Harris*, 853 F.3d 318, 321 (6th Cir. 2017) (felonious assault); *Reliford v. United States*, 773 F. App'x 248, 253 (6th Cir. 2019) (armed robbery); *United States v. Thomas*, 969 F.3d 583, 585 (6th Cir. 2020) (marijuana); *United States v. Groves*, 65 F.4th 166, 172 (4th Cir. 2023) (endorsing *Thomas*). Accordingly, the Court again rejects Mr. Brown's argument regarding his career offender status. *See United States v. Pheasant*, 2023 WL 2394562, at *2 (W.D.N.C. Mar. 7, 2023) (rejecting compassionate release motion because defendant "offer[ed] no new arguments or evidence").

## II. COVID-19

Mr. Brown argues the COVID-19 pandemic and "the dangers associated with it" warrant compassionate release. *See* Def.'s Mot. at 11–13. The Court disagrees. Mr. Brown cites nothing more than a "general fear" of COVID-19. *Van Harris*, 2022 WL 468182 at *2. This fear—standing alone—does not entitle him to release. *See id.* (citing sources). *See also United States v. Remy*, 2020 WL 3874165, at *2 (S.D. W. Va. Jul. 9, 2020) ("[A] generalized assertion of the existence of the pandemic alone cannot independently justify compassionate release."). Moreover, even assuming COVID-19 is on the rise in his prison—a fact the Government contests—Mr. Brown does not point to any preexisting medical conditions placing him at a "high risk of severe illness should he contract COVID-19." *Van Harris*, 2022 WL 468182 at *2. Accordingly, the Court finds Mr. Brown's fear of COVID-19 does not justify compassionate release.

## III. Age

Mr. Brown argues his age at the time of his offense warrants compassionate release. *See* Def.'s Mot. at 17 (describing himself as a 28-year-old "immature young man"). The Court disagrees. A defendant's "relative youth" can weigh in favor of compassionate release. *United States v. McCoy*, 981 F.3d 271, 286 (4th Cir. 2020). Still, age is but "one of several factors" in the

court's analysis. *United States v. Reed*, 2023 WL 2934917, at *5 (E.D. Va. Apr. 13, 2023) (citing *McCoy*, 981 F.3d at 288). In fact, when the defendant already has an extensive criminal history at the time of their offense, courts discount the relative youth of the defendant as an extraordinary or compelling reason for release. *See id.* (denying compassionate release to defendant twenty years old at the time of his conviction because he "already accrued a significant criminal history"). *See also United States v. Eady*, 2021 WL 2354930, at *3 (D.S.C. June 9, 2021) (denying compassionate for defendant "30 years old at the time of his conviction" because he "ha[d] a history of engaging in criminal activity"); *United States v. Hancock*, 2021 WL 848708, at *5 (M.D.N.C. Mar. 5, 2021) (denying compassionate release to defendant who was "quite young" at the time of conviction because he already participated in "two extremely violent robberies"). This case is no exception. By the time Mr. Brown was sentenced for his instant offense, he had three prior felony convictions—including two convictions for violent crimes. *See* PSR ¶¶ 30–32. Accordingly, the Court finds Mr. Brown's relative youth does not justify compassionate release.

## IV. Rehabilitation

Mr. Brown argues his rehabilitation warrants compassionate release. *See* Def.'s Mot. at 9–10 (detailing his efforts at "self-betterment"). He attaches exhibits detailing completed coursework. *See id.*, Ex. A, ECF 176-1. These efforts are commendable. But rehabilitation—standing alone—is insufficient to warrant compassionate release. *See United States v. Young*, 2023 WL 5240789, at *1 (S.D. W. Va. Aug. 11, 2023) (citing sources).

\* \* \*

In sum, the Court finds Mr. Brown fails to satisfy the "exceptionally high standard for relief" under 18 U.S.C. § 3582. *McCoy*, 981 F.3d at 287.[1]

---

[1] Because the Court does not find extraordinary and compelling circumstances warrant compassionate release, it need not address the factors set out in 18 U.S.C. § 3553(a). *See United States v. Rios-Villanueva*,

## IV. CONCLUSION

The Court **DENIES** Defendant's Motion for a Reduction in Sentence under 18 U.S.C. § 3582. The Court **DIRECTS** the Clerk to send a copy of this Order to counsel, Defendant, the Unites States Attorney's Office, the United States Probation Office, and the United States Marshals Service.

ENTER:     November 29, 2023

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

---

2023 WL 186804, at *6 (D.S.C. Jan. 13, 2023).