IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.   CRIMINAL ACTION NO. 3:08-00259

JAMEL CHAWLONE BROWN

### MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Jamel Chawlone Brown's Motion for Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A) (ECF 176, Def.'s Mot.). For the reasons stated below, the Court **DENIES** the Motion.

### BACKGROUND

In June 2009, Mr. Brown pleaded guilty to possessing oxycodone with intent to distribute in violation of 18 U.S.C. § 841(a)(1). *See* ECF 57. At sentencing, the Court found that Mr. Brown qualified for the career-offender provisions under the Sentencing Guidelines based on his prior convictions. *See* ECF 95. The Court determined that Defendant's offense level was 31 and his criminal history category was VI, which resulted in a Guideline range of 188–235 months. *See id.* at 14–15. Ultimately, the Court varied downward and sentenced Mr. Brown to 169 months of imprisonment followed by a term of supervised release of six years. *See* ECF 100 at 2–3.

### LEGAL STANDARD

Under 18 U.S.C. § 3852(c)(1)(A), a court may reduce a defendant's sentence if the court finds that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . ." What qualifies as "extraordinary and compelling" is left to the "broad discretion" of the

district court. *United States v. Kibble*, 992 F.3d 326, 330 (4th Cir. 2021). However, the Sentencing Commission's policy statement on compassionate release provides that "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason" to reduce a sentence. U.S.S.G. § 1B1.13(d).

## ANALYSIS

Defendant presses four arguments for compassionate release. *See* Def.'s Mot. at 2–3. *First*, Mr. Brown argues that he should benefit from Guidelines Amendment 782, which reduced drug offense levels by two levels. *See id.* at 2. *Second*, he asserts that he has already served an extraordinary amount of time. *Id. Third*, he contends that he has demonstrated substantial rehabilitation. *See id. Finally*, he argues that he would not be classified as a career offender if sentenced today. *See id.* at 2. The Court addresses each argument in turn.

### I. Amendment 782

United States Sentencing Guidelines Amendment 782 reduced the base offense level for drug offenses by two. *See* U.S.S.G., app. C., amend. 782 (2014). The Sentencing Commission has made Amendment 782 retroactive. *See* U.S.S.G. § 1B1.10(d).

Defendant argues that "application of this Amendment would substantially reduce [his] Guideline range and sentence." Def.'s Mot. at 2.

Defendant is mistaken. During sentencing, the Court's determination that Defendant was a career offender increased his offense level to 34. *See* ECF 81 at 11; ECF 95 at 8, 12. the enhancement would have increased his offense level to 34 even if Mr. Brown's pre-enhancement offense level has been two levels lower. *See* U.S.S.G. § 4B1.1(b) (2008). Accordingly, Amendment 782 would not have reduced Defendant's term of imprisonment had it been in effect when Defendant was sentenced.

## II. Amount of Time Served

Defendant asserts that "current sentencing practices and post-Booker discretion would impose significantly shorter terms for similar conduct today."[1] Def.'s Mot. at 2. This is unpersuasive for three reasons.

*First*, since Defendant was sentenced after *United States v. Booker* was decided, *see* ECF 100, "post-Booker discretion" does not provide a basis for reducing his sentence.

*Second*, since the applicable Guideline range is meant to provide "the starting point and the initial benchmark" for sentencing decisions, *Gall v. United States*, 552 U.S. 38, 49 (2007), it would be remarkable if a sentence *below* the Guideline range could constitute an extraordinary and compelling basis for relief, even if that sentence is lengthy by modern standards.

*Third*, Mr. Brown's sentence is not so out of step with "current sentencing practices" that it justifies reducing his sentence. During fiscal years 2020–2024, defendants sentenced under the same Guideline, offense level, and criminal-history category as Mr. Brown received a sentence within the Guideline range about 19% of the time. *See* United States Sentencing Commission, *Judiciary Sentencing INformation*, https://jsin.ussc.gov/analytics/saw.dll?Dashboard. While a sentence more severe than Mr. Brown's may be unusual today, it is not so rare that it is "extraordinary."

## III. Rehabilitation

Mr. Brown argues that his rehabilitation warrants a sentence reduction. Def.'s Mot. at 2–3. The Court need not dwell on this argument. Rehabilitation, standing alone, is insufficient to warrant compassionate release, and Defendant has not presented any other viable basis for relief.

---

[1] In *United States v. Booker*, the United States Supreme Court held that a sentencing judge need not adhere to the Sentencing Guidelines. *See* 524 U.S. 220 at 245 (2005).

### IV.  Career Offender Status

Mr. Brown argues that, if he were sentenced today, he would not receive a career-offender enhancement. *See* Def.'s Mot. at 3. According to Defendant, three cases—*Barnes v. United States*, *Erlinger v. United States*, and *Apprendi v. New Jersey*—"undermine the validity of that enhancement." *Id.*

These cases do no such thing. The Court has been unable to identify the 2024 case Defendant refers to as "Barnes v. United States." *Erlinger*, meanwhile, involves the application of the Armed Career Criminal Act (ACCA), which imposes an enhanced penalty on certain defendants convicted of violating 18 U.S.C. § 922(g). *See* 18 U.S.C. § 924(e)(1); *Erlinger v. United States*, 602 U.S. 821, 834–35 (2024). Defendant was neither convicted of violating 18 U.S.C. § 922(g) nor subjected to the enhanced penalty under the ACCA. Finally, *Apprendi* held that it must be a jury—not a judge—who makes factual determinations that will increase the maximum sentence for an offense. *Apprendi v. New Jersey*, 530 U.S. 466, 490–91 (2000). The Court's application of the career-offender enhancement during Mr. Brown's sentencing did not alter the maximum penalty for his offense.

Since these cases have no bearing on the "validity" of the career-offender enhancement, the Court will not grant relief on this basis.

### CONCLUSION

Mr. Brown fails to satisfy the "exceptionally high standard for relief" under 18 U.S.C. § 3582. *United States v. McCoy*, 981 F.3d 271, 288 (4th Cir. 2020).[2] Accordingly, the Court **DENIES** Defendant's Motion for Compassionate Release Under 18 U.S.C. § 3582(c)(1)(A).

---

[2] Because the Court does not find that extraordinary and compelling circumstances warrant compassionate release, it need not address the factors set out in 18 U.S.C. § 3553(a). *See United States v. Rios-Villanueva*, CR No. 5:11-21, 2023 WL 186804, at *6 (D.S.C. Jan. 13, 2023).

-5-

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel and the defendant, the United States Attorney's Office, the United States Probation Office, and the United States Marshal Service.

ENTER: January 22, 2026

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE